1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

JENS ERIK SORENSON,

12

                               Plaintiff,

    vs.

13

TARGET CORPORATION,

14

                               Defendant.

CASE NO. 09cv56 BTM (CAB)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

15

On July 27, Plaintiff Jens Erik Sorenson, acting as Trustee for the Sorenson Research

16

and Development Trust ("Sorenson"), filed a Motion for Reconsideration of and Objections

17

to the Magistrate Judge's Order. For the reasons explained below, Sorenson's Motion is

18

**DENIED.**

19

20

## I. BACKGROUND

21

On January 14, 2009, Sorenson filed its Complaint against Defendant Target

22

Corporation ("Target"), alleging patent infringement. On February 27, 2009, the Clerk

23

entered default against Defendant. On March 24, 2009, the Court granted the parties' joint

24

motion to set aside default. On the same day, the Court also granted the parties' joint motion

25

to allow Plaintiff to file a corrected complaint and Defendant to file an answer thereto. The

26

Court simultaneously permitted filing of Plaintiff's corrected Complaint. On March 31, 2009,

27

Defendant filed its Answer.

28

On July 9, 2009, Plaintiff filed a motion requesting the scheduling of an early neutral

1  evaluation conference before Magistrate Judge Bencivengo.  On July 16, 2009, Magistrate

2  Judge Bencivengo issued an order denying Plaintiff's motion [Docket No. 23].  On July 27,

3  2009, Plaintiff filed the instant motion objecting to Magistrate Judge Bencivengo's order and

4  asking this Court to reconsider it.  On September 11, 2009, Target filed a Response to

5  Plaintiff's Motion.  At the same time, Target filed a Motion to Stay which is set for hearing on

6  November 13, 2009.  Plaintiff filed a Reply on September 16, 2009.

7

8  ## II. STANDARD

9  A judge may designate a magistrate judge to hear and determine nondispositive

10  pretrial matters.  28 U.S.C. § 636(b)(1)(A).  The district court may reconsider any pretrial

11  matter where it is shown that the magistrate judge's order was clearly erroneous or contrary

12  to law.  Id.  Federal Rule of Civil Procedure 72(a) also permits a party to file objections to a

13  magistrate judge's order with the district court.  "The district court in the case must consider

14  timely objections and modify or set aside any part of the order that is clearly erroneous or

15  contrary to law."  Fed. R. Civ. P. 72(a).

16

17  ## II. DISCUSSION

18  Plaintiff argues that the Court should set aside Magistrate Judge Bencivengo's order

19  denying its motion to schedule an early neutral evaluation conference ("ENE conference")

20  because it was clearly erroneous or contrary to law.  Plaintiff contends that Patent Local Rule

21  2.1(a) requires parties to meet before the assigned magistrate judge within 60 days of the

22  Defendant's first appearance in the case.  Plaintiff further claims that Magistrate Judge

23  Bencivengo's refusal to schedule an ENE conference pursuant to Patent Local Rule 2.1(a)

24  is an effective stay of the action that prevents Plaintiff from prosecuting its case.

25  The Court disagrees.  As Defendant points out, Patent Local Rule 1.3 provides that

26  "[t]he court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth

27  in these Patent Local Rules based on the court's schedule or the circumstances of any

28  particular case, including, *without limitation,* the complexity of the case or the number of

1  patents, claims, products, or parties involved."  Magistrate Judge Bencivengo properly

2  considered the circumstances of this particular case in modifying the deadlines for scheduling

3  the ENE conference.  This case is one of over twenty related cases before this Court.  The

4  vast majority of the cases are presently stayed.  The Court denied Plaintiff's own initial

5  motion to consolidate the cases simply as premature due to the pending stays.  See

6  Sorenson v. Black & Decker Corp., No. 06cv1572 BTM (CAB) (S.D. Cal. May 5, 2008) (Order

7  Denying Motion to Consolidate Cases [Docket No. 274]).  If the Court eventually consolidates

8  the cases are after it lifts the stays, it will be more efficient for Magistrate Judge Bencivengo

9  to enter a comprehensive scheduling order for all of the cases at that time, as she noted in

10  her order.

11      Thus, the Court finds that Magistrate Judge Bencivengo's order was not clearly

12  erroneous or contrary to law.  Moreover, the Court notes that Defendant's Motion for Stay

13  in this case is currently set for hearing on November 13, 2009.  Plaintiff's request for an ENE

14  conference will be moot if the Court grants the stay.

15

16                          **III.  CONCLUSION**

17      For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for

18  Reconsideration of and Objections to the Magistrate Judge's Order.

19  **IT IS SO ORDERED.**

20  DATED:  September 30, 2009

21

22                      Honorable Barry Ted Moskowitz
                        United States District Judge

23

24

25

26

27

28